IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| GREGORY LOVETT, | ) | CASE NO.1:20-CV-01698 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL SECURITY. | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

## Introduction

Before me[1] is an action by Gregory Lovett under 42 U.S.C. §405(g) seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Lovett's 2018 application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental fact

---

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Solomon Oliver Jr. ECF No. 10.
[2] ECF No. 1.
[3] ECF No. 13.
[4] ECF No. 14.
[5] ECF No. 6.
[6] ECF No. 15.
[7] ECF Nos. 17 (Lovett), 19 (Commissioner).

1

sheets and charts.[8] The parties have met and conferred with the objective of reducing or clarifying the matters at issue[9] and have participated in a telephonic oral argument.[10]

For the following reasons the decision of the Commissioner will be affirmed.

**Facts**

Lovett, who was 61 years-old at the time of the hearing,[11] is a high school graduate[12] whose past relevant work was as a head batch maker in a factory.[13] The ALJ determined that Lovett's severe impairments were: osteoarthritis and obesity.[14] He also noted that Lovett had been diagnosed with a "seizure disorder,' but then observed that while he "may have" a higher risk for a recurrence of this disorder, he is being medically treated for it and so the disorder has no more than a "minimal impact" on his ability to perform "work functions."[15]

In reaching that conclusion, the ALJ reviewed three opinions from 2018[16] and 2019[17] submitted by Dr. Andrey Stojic, M.D., a Cleveland Clinic neurologist. The ALJ found that these opinions were "inconsistent" in that there was no limitation on standing or walking

---

[8] ECF Nos. 16 (Lovett), 20 (Commissioner).
[9] ECF No. 21.
[10] ECF No. 23.
[11] Tr. at 34.
[12] Id.
[13] Id. at 146. The ALJ describes this position as a chemical mixer. Id. at 24.
[14] Id. at 17.
[15] Id. at 17-18.
[16] Id. at 363-64.
[17] Id. at 392-96.

2

in the November 2018 opinion but limits on both in the June 10, 2019 questionnaire with different limits in a medical source statement also dated June 10.[18]

Likewise, the ALJ noted that in November 2018 Dr. Stojic stated that he could not opine as to whether Lovett would need to take unscheduled breaks or miss work, whereas in the June 2019 medical source statement he opined that Lovett would need up to three unscheduled breaks per day and be off task five percent of the time – a view the ALJ found inconsistent with the questionnaire of the same date where Dr. Stojic stated Lovett would be off work eight days per month.[19]

The ALJ concluded that the November 2018 opinion was persuasive, as it was consistent with Lovett's testimony and supported by the treatment records showing that his seizures, which are managed, have a minimal impact on his ability to function.[20] The ALJ, accordingly, found both the June 10, 2019 questionnaire and medical source statement to be unpersuasive since the high level of limitations attributed to Lovett's seizure disorder was not supported by either the treatment record or Lovett's testimony.[21]

From this, the ALJ assessed whether Lovett has an impairment or combination of impairments that meet or equal a listing.[22] In finding that he does not, the ALJ considered Listings 1.02 (major dysfunctions of joints) and 1.04 (disorders of the spine), as well as

---

[18] *Id*. at 18.
[19] *Id*. (citing *id*. at 396).
[20] *Id*.
[21] *Id*. at 18-19.
[22] *Id*. at 19-20.

Listing 11.02 (Epilepsy).[23] He further considered obesity under Listing 1.00Q and SSR 19-2p and determined that this condition also does not meet or equal a listed impairment.[24]

The ALJ then found that Lovett has an RFC for medium work with certain additional functional limitations.[25] In doing so, the ALJ analyzed, *inter alia*, the medical evidence going to Lovett's complaints of back pain and left shoulder pain.[26] To that end, the ALJ reviewed the results of June 16, 2018 consultative examination with Dr. Joshua Natali, D.O.[27] That examination showed some tenderness in the left shoulder, with impingement with forward flexion and decreased range of motion, leading Dr. Natali to express concern about a possible rotator cuff tear.[28] But Dr. Natali also noted Lovett had not begun any therapy, injections or other treatment and that a June 19, 2018 x-ray, which was included in the examination report, showed no evidence of fracture or dislocation and otherwise a normal left shoulder.[29] Additional records show that another x-ray also revealed no evidence of fracture.[30] Other records indicate that a July 2018 injection relieved Lovett's shoulder pain and that physical therapy sessions at that time also reduced shoulder pain, increased the range of motion and improved Lovett's ability to use his upper extremity.[31]

---

[23] *Id.*
[24] *Id.* at 20.
[25] *Id.*
[26] *Id.* at 21-22.
[27] *Id.* at 21.
[28] *Id.*
[29] *Id.*
[30] *Id.* at 22.
[31] *Id.* The ALJ also then addressed obesity, which was taken into account in the RFC.

As to opinion evidence, the ALJ found two 2018 opinions from state agency reviewing sources to be "generally persuasive," and noted that some additional limitations were included in the RFC based on these opinions.[32] He also found Dr. Natali's opinion to be "generally persuasive," noting that this opinion had some limitations as to Lovett's use of his left shoulder, but otherwise "minimal restrictions in terms of functional work activities."[33]

Under terms of this RFC, the ALJ found that Lovett was unable to perform any of his past relevant work.[34] With the assistance of testimony from a VE, the ALJ then determined that Lovett could perform the duties of kitchen helper, cook helper and grocery bagger, and that positions in these areas were available in significant numbers in the national economy.[35] He also found that Lovett would be able to transfer the skills he acquired as a chemical batch mixer to the job of batch weigher, and that jobs in that area exist in significant numbers in the national economy.[36]

Thus, Lovett was found to be not disabled.[37]

**Analysis**

This matter is adjudicated under the well-known rubric of substantial evidence, which need not be restated here. Further, as has been indicated, the opinion evidence is

---

[32] *Id*. at 23.
[33] *Id*.
[34] *Id*. at 24.
[35] *Id*. at 24-25.
[36] *Id*. at 25.
[37] *Id*.

5

considered pursuant to the newer regulations that require the ALJ to consider the persuasiveness of those opinions.

Basically, this case involves two questions: (1) whether Lovett's seizures should have been found to be a severe impairment at Step Two or to have met or equaled a listed impairment (Listing 11.02) and (3) whether the RFC should have had additional functional limitations arising from Lovett's left shoulder issues.[38]

As to the first matter, Listing 11.02 (epilepsy) requires that the claimant experience dyscognitive seizures at least once a week for month at least three consecutive months.[39] Lovett argues that in 2019 Dr. Stojic noted that Lovett was having two seizures per week[40] and that Lovett himself stated at the hearing that he was experiencing about four seizures per month.[41] He further argues that these results are after he started on seizure medication in 2018.[42]

The Commissioner, for his part, points out that the epilepsy listing also requires that there be "at least one detailed description of your seizures from someone, particularly a medical professional, who has observed at least one of your typical seizures."[43] The

---

[38] ECF No. 16 at 1.
[39] 20 CFR Pt. 404, Subpt. P, App. 1, §§11.02B.
[40] Tr. at 392.
[41] *Id*. at 35.
[42] ECF No. 17 at 10.
[43] ECF No. 19 at 4, quoting 20 CFR pt. 404, subpt. P., app. 1, §§11.0(H)(2).

Commissioner contends that there is no such detailed description in the record and so Lovett cannot meet Listing 11.02B.[44]

Further, the Commissioner maintains that the evidence of the frequency of the seizures is at best inconsistent. Lovett was prescribed medication in October 2018 and by the next month, Dr. Stojic was reporting Lovett had only 2-3 seizures a month, not the required 4.[45] By June 2019, Dr. Stojic claimed Lovett was having two seizures a week,[46] while Lovett, who testified that the seizure medication was "working,"[47] stated that he "might have four seizures a month" – a frequency he also claimed had stayed the same since 2017.[48]

I find no error in the ALJ's determination[49] that this inconsistency of the testimony regarding frequency of the seizures is not enough to satisfy the requirements of the listing. Further, I note, as does the Commissioner, that the ALJ properly relied here on the opinions of the state agency reviewers who concluded that Lovett's seizure disorder did not meet or medically equal a listing.[50]

As to the issue of how the ALJ treated Lovett's left shoulder pain, I note initially that the ALJ found the opinion of Dr. Natali – the consultative examiner- in this regard to

---

[44] *Id*.
[45] Tr. at 363.
[46] *Id*. at 392, 394.
[47] *Id*. at 35.
[48] *Id*. at 35-36.
[49] *Id*. at 17-19.
[50] ECF No. 19 at 5, citing *Jones v. Comm'r*, 2012 WL 946997, at *8 (N.D. Ohio Mar. 20, 2012) (citation omitted).

be persuasive.[51] That opinion, given in June 2018, found, as noted above, some limitations on the use of Lovett's left shoulder, but otherwise minimal restrictions as to functional activity. Just as important, Lovett only began physical therapy the same month Dr. Natali offered his opinion and the results from that physical therapy, and the pain injection from July, indicate, as detailed above, that Lovett had less pain and increased range of motion. This evidence, taken together, is substantial evidence for the RFC as adopted.

## Conclusion

For the foregoing reasons, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: March 28, 2022                                 s/William H. Baughman Jr.
                                                     United States Magistrate Judge

---

[51] Tr. at 23.